UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**STEIN & NIEPORENT LLP**
David Stein
1441 Broadway, Suite 6090
New York, NY 10018
(212) 308-3444
dstein@steinllp.com

**LAW OFFICES OF VINCENT S. WONG**
Vincent S. Wong
39 East Broadway, Suite 306
New York, NY  10002
(212) 349-6099
vswlaw@gmail.com

Attorneys for Plaintiff

| | |
|---|---|
| Hua Jing Gao, on behalf of herself and all other persons similarly situated, | |
| Plaintiff, | DOCKET NO. 22-CV-3722 |
| - vs. – | **COMPLAINT** |
| L&L Supplies, Inc., Youpeng Li, and Susan Liang, | |
| Defendants. | |

Plaintiff Hua Jing Gao, by and through her undersigned attorneys, for her complaint against defendants L&L Supplies, Inc., Youpeng Li, and Susan Liang, alleges as follows, on behalf of herself and on behalf of all other persons similarly situated:

**NATURE OF THE ACTION**

1. Plaintiff Hua Jing Gao alleges on behalf of herself and on behalf of other similarly situated current and former employees of defendants L&L Supplies, Inc.,

Youpeng Li, and Susan Liang, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that she is entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which she did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.      Hua Jing Gao further complains on behalf of herself and on behalf of any other similarly situated current and former employees of defendants who elect to opt into this action, that she is entitled to (i) compensation for wages paid at less than the statutory New York State minimum wage; (ii) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) liquidated damages pursuant to New York Labor Law for these violations; and (iv) statutory damages for defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3.      Hua Jing Gao is an adult individual residing in New York, New York.

4.      Hua Jing Gao consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); her written consent is attached hereto and incorporated by reference.

5.      Upon information and belief, defendant L&L Supplies, Inc. ("L&L Supplies") is a New York corporation with a principal place of business at 149 East Broadway, New York, New York.

6. At all relevant times, defendant L&L Supplies has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7. Upon information and belief, at all relevant times, L&L Supplies has had gross revenues in excess of $500,000.00.

8. Upon information and belief, at all relevant times herein, L&L Supplies has used goods and materials produced in interstate commerce, and has employed two or more individuals who handled these goods and materials.

9. Upon information and belief, at all relevant times, L&L Supplies has constituted an "enterprise" as defined in the FLSA.

10. Upon information and belief, defendant Youpeng Li is an owner or part owner and principal of L&L Supplies, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

11. Defendant Youpeng Li was involved in the day-to-day operations of L&L Supplies and played an active role in managing the business.

12. Upon information and belief, defendant Susan Liang is an owner or part owner and principal of L&L Supplies, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

13. Defendant Susan Liang was involved in the day-to-day operations of L&L Supplies and played an active role in managing the business.

14. For example, defendant Youpeng Li participated in hiring plaintiff, set her pay and schedule, paid her each week, and supervised her, and defendant Susan Liang also participated in hiring plaintiff and supervised her.

15. Defendant Youpeng Li constituted an "employer" of Hua Jing Gao as that term is used in the Fair Labor Standards Act and New York Labor Law.

16. Defendant Susan Liang constituted an "employer" of Hua Jing Gao as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

18. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

19. Pursuant to 29 U.S.C. § 206 and § 207, Hua Jing Gao seeks to prosecute her FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were employed by defendants in the United States at any time since May 6, 2019, to the entry of judgment in this case (the "Collective Action Period"), and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

20. The Collective Action Members are similarly situated to Hua Jing Gao in that they were employed by defendants as non-exempt retail store employees, and were denied premium overtime pay for hours worked beyond forty hours in a week.

21. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them overtime.

22. Hua Jing Gao and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

23. The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

**FACTS**

24. At all relevant times herein, defendants have owned and operated a retail store in Manhattan.

25. Hua Jing Gao was employed by defendants as a receptionist from approximately January 2018 through February 2022, with the exception of about three months in 2020 when the business was closed due to the pandemic.

26. Hua Jing Gao's work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

27. At all relevant times herein, Hua Jing Gao was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

28. Hua Jing Gao worked a regular schedule during her employment at L&L Supplies.

29. During the course of her employment, Hua Jing Gao regularly worked six days per week, nine hours per day.

30. As a result, Ms. Gao worked approximately 54 hours per week each week of her employment.

31. Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

32. Ms. Gao was paid monthly at a fixed salary of $1,000 per month during her employment.

33. Ms. Gao was paid at this rate regardless of the exact number of hours she worked in a given week or month.

34. At no time did defendants discuss with Ms. Gao that her salary included any overtime component.

35. Ms. Gao was paid in cash throughout her employment, and did not receive paystubs or any record of her pay or hours worked when she was paid.

36. Defendants willfully failed to pay Ms. Gao an amount at least equal to the federal or New York state minimum wages in effect during her employment.

37. In addition, defendants willfully failed to pay Ms. Gao the overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

38. Defendants failed to provide Ms. Gao with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, her regular and overtime rates, and intended allowances claimed – and failed to obtain her signature acknowledging the same,

upon her hiring or at any time during her employment, in violation of the Wage Theft Prevention Act.

39. Defendants failed to provide Ms. Gao with regular records of her compensation and hours worked, in violation of the Wage Theft Prevention Act.

40. Upon information and belief, throughout the period of Ms. Gao's employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like Ms. Gao (the Collective Action Members) in non-exempt positions that required little skill, no capital investment, and with duties and responsibilities that did not include managerial responsibilities or the exercise of independent judgment.

41. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

42. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them (1) the minimum wage, or (2) overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and New York Labor Law.

43. Upon information and belief, these other individuals were not provided with required wage notices or regular wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

44. Upon information and belief, while defendants employed Ms. Gao and throughout all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

45. Upon information and belief, while defendants employed Ms. Gao and through all relevant time periods, defendants failed to post or keep posted notices explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

## (Fair Labor Standards Act – Minimum Wage)

46. Ms. Gao, on behalf of herself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

47. At all relevant times, defendants employed Ms. Gao and the Collective Action Members within the meaning of the FLSA.

48. Defendants failed to pay compensation greater than the statutory minimum wage to Ms. Gao and the Collective Action Members for all hours worked.

49. As a result of defendants' failure to compensate Ms. Gao and the Collective Action Members at a rate at least equal to the federal minimum wage for each hour worked, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206.

50. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

51. Due to defendants' FLSA violations, Ms. Gao and the Collective Action Members are entitled to recover from defendants their unpaid compensation plus liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law – Minimum Wage)

52. Ms. Gao repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

53. At all relevant times, Ms. Gao was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

54. Defendants willfully violated the rights of Ms. Gao by failing to pay her compensation in excess of the minimum wage in violation of the New York Labor Law §§ 190-199, 652 and the applicable regulations.

55. Defendants' failure to pay compensation in excess of minimum wage was willful within the meaning of New York Labor Law § 663 and supporting regulations.

56. Due to defendants' New York Labor Law violations, Ms. Gao is entitled to recover from defendants her unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## COUNT III

### (Fair Labor Standards Act - Overtime)

57. Ms. Gao, on behalf of herself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

58. At all relevant times, defendants employed Ms. Gao and each of the Collective Action Members within the meaning of the FLSA.

59. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

60. As a result of defendants' failure to compensate their employees, including Ms. Gao and the Collective Action Members, at a rate not less than one-and-one-half times the lawful regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

61. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

62. Due to defendants' FLSA violations, Ms. Gao and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**COUNT IV**

**(New York Labor Law - Overtime)**

63. Ms. Gao repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

64. At all relevant times, Ms. Gao was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

65. Defendants violated Ms. Gao's rights by failing to pay her overtime compensation at rates not less than one-and-one-half times the lawful regular rate of

pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 *et seq.* and its supporting regulations in 12 N.Y.C.R.R § 137 and 12 N.Y.C.R.R. § 146.

66. Defendants' failure to pay overtime was willful within the meaning of New York Labor Law § 663 and supporting regulations.

67. Due to defendants' New York Labor Law violations, Ms. Gao is entitled to recover from defendants her unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## COUNT V

### (New York Labor Law – Wage Theft Prevention Act)

68. Ms. Gao repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

69. At all relevant times, Ms. Gao was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

70. Defendants willfully violated Ms. Gao's rights by failing to provide her with regular wage statements required by the Wage Theft Prevention Act at any time during her employment.

71. Defendants willfully violated Ms. Gao's rights by failing to provide her with the wage notice required by the Wage Theft Prevention Act when she was hired, or at any time during her employment.

72. Due to defendants' New York Labor Law violations relating to the failure to provide paystubs, Ms. Gao is entitled to recover from the defendants

statutory damages of $250 per day throughout her employment, up to the maximum statutory damages.

73. Due to defendants' New York Labor Law violations relating to the failure to provide a wage notice, Ms. Gao is entitled to recover from the defendants statutory damages of $50 per day throughout her employment, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Gao, on behalf of herself and all other similarly situated Collective Action Members, respectfully requests that this Court grant the following relief:

 a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Ms. Gao and her counsel to represent the Collective Action members;

 b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

 c. An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons

acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

e. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

f. An award of liquidated damages as a result of defendants' failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

g. Liquidated damages for defendants' New York Labor Law violations;

h. Statutory damages for defendants' violations of the New York Wage Theft Prevention Act;

i. Back pay;

j. Punitive damages;

k. An award of prejudgment and postjudgment interest;

l. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m. Such other, further, and different relief as this Court deems just and proper.

Dated: May 6, 2022

14

_____
David Stein (DS 2119)
STEIN & NIEPORENT LLP
1441 Broadway, Suite 6090
New York, New York 10018
(212) 308-3444

Attorneys for Ms. Gao,
*Individually and on behalf of*
*others similarly situated*

# EXHIBIT A

## CONSENT TO JOIN FORM

### CONSENT TO SUE UNDER FEDERAL FAIR AND LABOR STANDARDS ACT (FLSA)

I am an employee currently or formerly employed by  I & L Supplies Inc. _____ and/or related entities/individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Retainer Agreement signed by the named plaintiff in this case:

To opt into this collective action, fill out this form and mail, fax, or e-mail it to:
Law Offices of Vincent S. Wong
39 East Broadway, Suite 306
New York, NY 10002
Fax: 212-349-6599
vswlaw@gmail.com


_Hua Jing Gao_
Full Legal Name (Print)

_HUA JING Gao_
Signature

_4/13/2022_
Date

**Further Information Regarding The Consent To Join Form**

Please fill out this sheet of information, so that I, your attorney, may reach you in the future to provide updates regarding the progression of the lawsuit, and so that we can give you your share of any money that is recovered (if any) from the defendant on your behalf.