**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Hua Jing Gao, on behalf of herself and all other persons similarly situated,<br><br>Plaintiff,<br><br>- vs. –<br><br>L&L Supplies, Inc., Youpeng Li, and Susan Liang,<br><br>Defendants. | DOCKET NO. 22-CV-3722 (JLR)(GWG) |

**PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

STEIN & NIEPORENT LLP
David Stein
1441 Broadway, Suite 6090
New York, New York 10018
(212) 308-3444

Attorneys for Plaintiff

**PROPOSED FINDINGS OF FACT**

I. L&L Supplies, Inc.

   a. The corporate defendant, L&L Supplies, Inc. is a New York corporation.

   b. Defendant L&L Supplies, Inc. has[1] a principal place of business at 149 East Broadway, New York, New York.

   c. Defendant L&L Supplies operates a retail store.

   d. In 2019, 2020, 2021, and 2022, defendant L&L Supplies had gross annual revenues in excess of $500,000.00.

   e. In 2019, 2020, 2021, and 2022, defendant L&L Supplies used supplies and materials in the course of its business that were produced outside the state of New York.

   f. Defendant L&L Supplies is an "enterprise" as that term is used in the Fair Labor Standards Act.

   g. Defendant L&L Supplies did not have a time clock for employees to use.

   h. Defendant L&L Supplies did not provide written time sheets for employees to use.

   i. Defendant L&L Supplies does not have any records of the actual daily hours that plaintiff worked for L&L Supplies.

   j. Defendant L&L Supplies does not have any record of the compensation plaintiff received while working for L&L Supplies.

   k. Defendant L&L Supplies did not keep posted a notice from the Department of Labor setting forth the minimum wage and overtime rates required to be paid to employees.

II. Youpeng Li

   a. Defendant Youpeng Li is an owner of L&L Supplies, and has been at all times relevant to this lawsuit.

---

[1] For clarity, even when these proposed findings are written in the present tense, they are meant to apply to the time period alleged in the complaint when plaintiff worked for defendants; any changes to these facts after plaintiff's employment ended are irrelevant to her claims.

1

    b. Defendant Youpeng Li has the power to hire and fire employees of L&L Supplies, set wages and schedules, and maintain their records.

    c. Defendant Youpeng Li played an active role in managing L&L Supplies.

    d. Defendant Youpeng Li hired plaintiff Hua Jing Gao and set her schedule and pay, as well as paying her.

    e. Defendant Youpeng Li supervised plaintiff Hua Jing Gao on a day-to-day-basis.

    f. Defendant Youpeng Li was aware of the minimum wage and overtime obligations imposed by the FLSA and New York Labor Law at the time plaintiff was employed by defendant L&L Supplies.

III. Susan Liang

    a. Defendant Susan Liang is an owner of L&L Supplies, and has been at all times relevant to this lawsuit.

    b. Defendant Susan Liang has the power to hire and fire employees of L&L Supplies, set wages and schedules, and maintain their records.

    c. Defendant Susan Liang played an active role in managing L&L Supplies.

    d. Defendant Susan Liang participated in the hiring of plaintiff Hua Jing Gao.

    e. Defendant Susan Liang supervised plaintiff Hua Jing Gao on a day-to-day-basis.

    f. Defendant Susan Liang was aware of the minimum wage and overtime obligations imposed by the FLSA and New York Labor Law at the time plaintiff was employed by defendant L&L Supplies.

IV. Hua Jing Gao

    a. Plaintiff Hua Jing Gao was employed by L&L Supplies in the State of New York.

    b. Plaintiff Hua Jing Gao was employed by L&L Supplies as a receptionist.

    c. Plaintiff Hua Jing Gao was an ordinary employee, with no managerial or meaningful administrative responsibilities.

    d. Plaintiff Hua Jing Gao's duties were to answer the phone, deal with customers, clean up the store, and provide general customer service.

    e. Plaintiff Hua Jing Gao was paid as an employee.

f. Plaintiff Hua Jing Gao worked for L&L Supplies from January 2018 through February 2022, other than a three month period in 2020 when the business was closed due to the pandemic

g. Defendants do not have any records showing the start or end dates of plaintiff Hua Jing Gao's employment.

h. Plaintiff Hua Jing Gao worked a regular schedule during her employment at L&L Supplies.

i. Plaintiff Hua Jing Gao's regular schedule was from 10:00 a.m. to 7:00 p.m., Monday through Saturday.

j. Plaintiff Hua Jing Gao was given no formal breaks during her workday.

k. Plaintiff Hua Jing Gao therefore regularly worked roughly 54 hours per week.

l. Plaintiff Hua Jing Gao was paid a monthly salary for her work at L&L Supplies.

m. Plaintiff Hua Jing Gao was paid a flat salary of $1,000 per month.

n. Plaintiff Hua Jing Gao's effective rate of pay was $4.27 per hour.

o. Plaintiff Hua Jing Gao's pay did not vary based on the exact number of hours she worked.

p. Plaintiff Hua Jing Gao's pay did not include an overtime component.

q. Plaintiff Hua Jing Gao was not paid "time and a half" by defendants at any point during her employment with defendants.

r. Plaintiff Hua Jing Gao did not discuss overtime pay with defendants at any point during her employment with defendants.

s. Plaintiff Hua Jing Gao was paid in cash.

t. Plaintiff Hua Jing Gao did not receive paystubs.

u. Plaintiff Hua Jing Gao was never provided with a written wage notice describing her regular and overtime rates of pay, her regular paydays, allowances, the regular pay day, and the name and contact information of the employer, and was not asked to sign same.

3

**PROPOSED CONCLUSIONS OF LAW**

1. This Court has subject matter jurisdiction over plaintiff's Fair Labor Standards Act claims pursuant to 28 U.S.C. § 1331 as the FLSA presents a federal question. This Court also has supplemental jurisdiction over plaintiff's New York labor Law claims pursuant to 28 U.S.C. § 1367 as they essentially form part of the same case or controversy and share a common nucleus of operative facts.

2. Defendants are subject to enterprise coverage under the FLSA.

3. Defendant L&L Supplies, Inc. was an employer of plaintiff pursuant to the FLSA and New York Labor Law.

4. Defendant Youpeng Li was an employer of plaintiff pursuant to the FLSA and New York Labor Law.

5. Defendant Susan Liang was an employer of plaintiffs pursuant to the FLSA and New York Labor Law.

6. The employment of plaintiff from May 6, 2019, through February 2022 falls within the FLSA statute of limitations.

7. The employment of plaintiff falls entirely within the six-year NYLL statute of limitations.

8. Defendants failed to maintain the records required by 12 N.Y.C.R.R. § 142-2.6.

9. Defendants failed to maintain the records regarding, *inter alia*, plaintiff's daily and weekly hours worked required by 29 U.S.C. 211(c); 29 C.F.R. § 516.2.

10. Plaintiff Hua Jing Gao has met her burden of proving her hours worked "as a matter of just and reasonable inference" in the absence of records maintained by defendants. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946); *Kuebel v. Black & Decker Inc.*, 643 F. 3d 352 (2nd Cir. 2011).

11. Defendants have failed to meet their "more demanding" burden under the NYLL of proving that they properly paid plaintiff all the wages, benefits, and supplements owed to her. *Canelas v. World Pizza, Inc.*, 2017 WL 1233998, at *9 (S.D.N.Y. Mar. 31, 2017).

12. Defendants violated the minimum wage provisions of the FLSA with respect to plaintiff Hua Jing Gao by paying her less than the statutory minimum wage of $7.25 per hour throughout her employment. 29 U.S.C. § 206.

13. Under the FLSA, defendants owe plaintiff Hua Jing Gao the difference between the minimum wage of $7.25 and her effective rate of pay of $4.27 per hour

($1,000/month = $12,000/year = $230.77/week ÷ 54 hours/week) for the 54 hours she worked each week.

14. Defendants violated the minimum wage provisions of the NYLL with respect to plaintiff Hua Jing Gao by paying her an effective regular rate less than the statutory minimum wage of $12.00 per hour in 2018. 12 N.Y.C.R.R. § 142-2.1.

15. Defendants violated the minimum wage provisions of the NYLL with respect to plaintiff Hua Jing Gao by paying her an effective regular rate less than the statutory minimum wage of $13.50 per hour in 2019. 12 N.Y.C.R.R. § 142-2.1.

16. Defendants violated the minimum wage provisions of the NYLL with respect to plaintiff Hua Jing Gao by paying her an effective regular rate less than the statutory minimum wage of $15.00 per hour in 2020, 2021, and 2022. 12 N.Y.C.R.R. § 142-2.1.

17. Under the NYLL, for 2018 defendants owe plaintiff Hua Jing Gao the difference between the minimum wage of $12.00 and the $4.27 per hour that was her effective wage rate.

18. Under the NYLL, for 2019 defendants owe plaintiff Hua Jing Gao the difference between the minimum wage of $13.50 and the $4.27 per hour that was her effective wage rate.

19. Under the NYLL, for 2020 - 2022 defendants owe plaintiff Hua Jing Gao the difference between the minimum wage of $15.00 and the $4.27 per hour that was her effective wage rate.

20. Defendants violated the overtime provisions of the FLSA with respect to plaintiff Hua Jing Gao by failing to pay her the half-time premium above her regular rate (the minimum wage) for the 14 hours she worked each week in excess of 40 hours. 29 U.S.C. § 207. *Cao v. Chandara Corp.*, 2001 WL 34366628, at *6 (S.D.N.Y. July 25, 2001).

21. Defendants violated the overtime provisions of the NYLL with respect to plaintiff Hua Jing Gao by failing to pay her time-and-a-half his regular rate (the minimum wage) for the 14 hours he worked each week in excess of 40 hours. 12 N.Y.C.R.R. §§ 142-2.2.

22. Defendants failed to meet their burden of showing that their violations of the FLSA were in good faith. Thus, defendants owe liquidated damages to plaintiff Hua Jing Gao. 29 U.S.C. § 216(b); *Reich v. S New Eng. Telecommunications Corp.*, 121 F.3d 58, 71 (2d Cir. 1997).

23. Defendants owe plaintiff Hua Jing Gao liquidated damages under the New York Labor Law because their failure to pay her properly was willful and not in good faith. NYLL § 198(1-a)

24. Defendants violated the Wage Theft Prevention Act with respect to plaintiff Hua Jing Gao because they did not provide her with written wage notices in her native language upon hiring describing her regular and overtime rates of pay, their regular paydays, allowances, the regular pay day, and the name and contact information of the employer, and did not ask her to sign same. As a result, they owe her "damages of fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees." NYLL § 195(1); NYLL § 198(1-b)

25. Defendants violated the Wage Theft Prevention Act with respect to plaintiff Hua Jing Gao because they did not provide wage statements to her each week showing the pay period, her regular and overtime hours worked, regular and overtime rates, and any allowances claimed. As a result, they owe her "two hundred fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees." NYLL § 195(3); NYLL § 198(1-b)

26. Defendants are jointly and severally liable under the FLSA, as well as under the NYLL.

27. Plaintiff Hua Jing Gao is entitled to recover under the NYLL because that statute provides the greater relief. *Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, 2016 WL 4704917, at *6 (S.D.N.Y. Sept. 8, 2016), adopted by 2016 WL 6879258, at *1 (S.D.N.Y. Nov. 21, 2016).

28. Plaintiff Hua Jing Gao is entitled to prejudgment interest on her claims under the NYLL, even if she recover liquidated damages under the NYLL. *Oaxaca v. Hudson Side Cafe Inc.*, 2018 WL 4859152, at *11 (E.D.N.Y. Oct. 8, 2018)

29. Plaintiff Hua Jing Gao, as the prevailing party, is entitled to an award of reasonable attorneys' fees and costs under the FLSA and NYLL. 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198, 663.

Respectfully submitted,

By: *David Stein*

STEIN & NIEPORENT LLP
David Stein
1441 Broadway, Suite 6090
New York, New York 10018
(212) 308-3444

Attorneys for Plaintiff

Dated: January 31, 2024

6